## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  PATRICK GRIFFITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-CV-0088-CVE-CDL |
| | ) | |
| 1.  JOSIE CACKLER; | ) | |
| 2.  SHELBY CATES; | ) | |
| 3.  THE LINCOLN NATIONAL | ) | |
|      LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

### CONSENT ORDER OF DISCHARGE AND FINAL JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and the stipulations of the Parties contained in this Consent Order, the parties' joint motion for approval of the parties' proposed agreed order of discharge and judgment (Dkt. # 11), and for good cause shown, the Court finds and orders as follows:

### STIPULATED FINDINGS OF FACT

1. This is an action regarding adverse claims to certain life insurance benefits payable because of the death of Amber Brasier ("Decedent"), who was a participant in a group life insurance policy (the "Policy") issued by Defendant The Lincoln National Life Insurance Company ("Lincoln") to Decedent's employer, HR Outsourcing Holdings, Inc. dba HROI ("HROI"), and Plaintiff Patrick Griffith ("Griffith") filed his Original Petition on December 29, 2022, in an action entitled *Patrick Griffith v. Josie Cackler and Shelby Cates and Lincoln Financial Group a/k/a The Lincoln National Life Insurance Company*, Case No. CV-2021-02128 (the "State Action"), which Lincoln removed to this court with its notice of removal (Dkt. # 1) on February 28, 2022.

2. Defendants Josie Cackler ("Cackler") and Shelby Cates ("Cates") make their appearance, as individuals and not on behalf of the estate of the Decased, at this time through their undersigned counsel.

3. Defendants Cackler and Cates stipulate and agree that they are co-special administrators of the estate of the Deceased and the estate of the Deceased has no interest in the Disputed Funds.

4. The Parties stipulate to the Court's personal jurisdiction with respect to Plaintiff and to each Defendant.

5. Griffith, Cackler, and Cates each have a claimed and/or potential interest in the $150,000.00 in insurance proceeds ("Insurance Proceeds") payable by reason of the death of Decedent, who was insured the Policy issued by Lincoln to HROI.

6. The Policy was issued pursuant to, and is part of, HROI's group life insurance plan for its employees ("Life Insurance Plan"), which is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA").

7. Lincoln stands ready to disburse the entirety of the Insurance Proceeds, including applicable interest, totaling $151,002.74, ("Disputed Funds") pursuant to the provisions of this Consent Order of Discharge and Final Judgment.

8. Lincoln does not claim any interest in the Disputed Funds beyond the attorneys' fees it incurred, but could not pay any of the claimants without subjecting themselves to potential litigation and multiple or inconsistent liability regarding the Disputed Funds because of the conflicting interests of Defendants.

9. Lincoln incurred no independent liability to any of the Parties and did not create the situation which caused the conflicting claims.

10. The Parties stipulate and agree that Lincoln has incurred attorney fees and costs in the amount of $4,000 for removal of this action and the Parties stipulate and agree that Lincoln is, therefore, entitled to retain $4,000 from the Disputed Funds, as reimbursement for those costs.

11. The Parties stipulate and agree to the distribution of $15,000.00 of the Disputed Funds, including accumulated interest, if any, to Plaintiff Patrick Griffith, as the judgment of this Court. Lincoln does not oppose this stipulation and agrees to pay the funds as allocated, as the judgment of this Court.

12. The Parties stipulate and agree to the distribution of $132,002.74 of the Disputed Funds, including accumulated interest, if any, to Defendants Josie Cackler and Shelby Cates, as individuals, as the judgment of this Court. Lincoln does not oppose this stipulation and agrees to pay the funds as allocated, as the judgment of this Court.

13. The Parties stipulate and consent to the discharge of Lincoln, and HR Outsourcing Holdings, Inc. dba HROI Life Benefit Plan (the "HROI Plan") from any and all liability to Plaintiff and all Defendants associated in any manner with the Disputed Funds, the Policy, and the Life Insurance Plan, as ordered below.

14. Lincoln consents to the distributions of the Disputed Funds as described above, subject to their full and complete discharge of liability under the terms provided herein.

15. Plaintiff and Defendants Cackler and Cates stipulate and agree to release existing or potential claims against each other related to the Disputed Funds.

## CONCLUSIONS OF LAW

16. The HROI Plan is employee benefit plan governed by ERISA.

17. This Court has original jurisdiction of this action pursuant to the provisions of 29 U.S.C. § 1132(e)(1) because this action involves competing claims for benefits and to enforce rights under an employee welfare benefit plan and an employee pension benefit plan, both of which are governed by ERISA.

18. Defendants Cackler and Cates are proper persons to represent the interest of the Decedent's Estate in this matter. As such, Cackler's and Cates' actions herein shall be conclusively and legally binding upon the Decedent's Estate, including all persons or entities that have or may have any interest by or through Decedent's Estate ("Derivative Claimants") in the matters resolved by this Consent Order. The Court finds its authority to so bind any potential Derivative Claimants, to the extent any such Derivative Claimants would not be bound under applicable State law, arises pursuant to its power to grant equitable relief to enforce the provisions of ERISA and the terms of the HROI Plan pursuant to 29 U.S.C. § 1132(a)(3)(B)(ii) of ERISA. The Court further finds such equitable relief is appropriate under the circumstances of this case, in order to achieve a comprehensive resolution of all of the Parties' rights and responsibilities in a timely and efficient manner.

19. The Court finds the distribution of the Disputed Funds as described above is an appropriate final resolution of this matter.

# ORDER

**ACCORDINGLY, FOR GOOD CAUSE SHOWN AND PURSUANT TO THE PARTIES' STIPULATIONS, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:**

1. The joint motion for approval (Dkt. # 11) is **granted**. Lincoln, HROI, and the HROI Plan are fully and finally discharged from all further liability as to any claims of Plaintiff and Defendants Cackler and Cates related to, arising from, or having any connection with the Insurance Proceeds at issue in this matter or the respective benefit plans, including, but not limited to, attorneys' fees and costs.

2. Griffith, Cackler, and Cates are permanently enjoined from instituting or prosecuting any other proceeding against Lincoln, HROI, or the HROI Plan that is related in any manner to the Policy, the HROI Plan, and/or the Disputed Funds.

3. In the event that it is determined that any other person not yet joined as a party to this action may make a claim for, or be entitled to, the funds at issue in this matter, that person is joined and subjected to paragraph 2 of this Order.

4. Final judgment is awarded to Lincoln in the amount of $4,000.00, representing attorneys fees and the cost of removal of this action, to be retained by Lincoln from the Insurance Proceeds prior to distribution to the parties pursuant to this Order.

5. Final judgment is awarded to Plaintiff Patrick Griffith for $15,000.00 of the Disputed Funds, including accumulated interest.

6. Final judgment is awarded to Defendants Josie Cackler and Shelby Cates for $132,002.74 of the Disputed Funds, including accumulated interest.

7. Lincoln is directed to distribute $15,000.00 of the Disputed Funds, including accumulated interest, to Plaintiff Patrick Griffith by a single check made payable to "The Trust Account of Zannotti Law" and delivered to his attorney, Mark A. Zannotti, at the following address: Zanotti Law, 1437 S. Boulder Ave., Suite 1200, Tulsa, Oklahoma 74119.

8. Lincoln is directed to distribute $132,002.74 of the Disputed Funds, including accumulated interest, to Defendants Jose Cackler and Shelby Cates, as individuals, by a single check made payable to "The Trust Account of KingWoods, PLLC" and delivered to their attorney, Alexander F. King, at the following address: KingWoods, PLLC, 20 East 5th St., Suite 750, Tulsa, Oklahoma 74103.

9. Lincoln is directed to retain $4,000 of the Disputed Funds for attorneys' fees incurred in connection with the Disputed Funds.

10. Plaintiff's claims against Lincoln are dismissed with prejduce.

11. The Parties shall bear their own attorneys' fees in this matter, unless otherwise addressed in this Order and Judgment.

12. This is the final judgment of the Court and this matter is herewith terminated, subject to the distributions by the Clerk as ordered above.

**IT IS SO ORDERED** this 16th dat of March, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

**WE SO CONSENT AND STIPULATE:**

By: */s/ Denelda L. Richardson*
DENELDA L. RICHARDSON, OBA 20103
drichardson@rhodesokla.com
RHODES HIERONYMUS JONES TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121
(918) 582-1173; (918) 592-3390 [fax]

COUNSEL FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

**- AND -**

By: */s/ Mark Zanotti*
Mark A. Zannotti, OBA #16055
**ZANNOTTI LAW**
1437 S. Boulder Ave. Suite 1200
Tulsa, OK 74119
Phone: (918) 986-6141
Email: mark@zannottilaw.com

COUNSEL FOR PLAINTIFF PATRICK GRIFFITH

**- AND -**

By: */s/ Alexander F. King*
Alexander F. King, OBA #18086
**KINGWOODS, PLLC**
20 East 5th St., Suite 750
Tulsa, Oklahoma 74103
Direct: (918) 398-7182
Fax: (918) 398-6158
Email: aking@kingwoodslaw.com

COUNSEL FOR DEFENDANTS,
JOSIE CACKLER and SHELBY CATES